# Third District Court of Appeal

## State of Florida

Opinion filed July 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0373
Lower Tribunal No. 20-11693-CA-01
_____

**XPO Logistics, LLC, and XPO Last Mile, Inc.,**
Petitioners,

vs.

**Julianna Charles, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Prohibition.

Fowler White Burnett, P.A., Christopher E. Knight, Bruno Renda, and Cameron W. Eubanks, for petitioners.

Lauri Waldman Ross, P.A., and Lauri Waldman Ross; Kaster, Lynch, Farrar & Ball, LLP, Bruce R. Kaster, and Skip Edward Lynch; Cousins Law, APA, and Patrick S. George Cousins (West Palm Beach), for respondent Julianna Charles, Individually and as Personal Representative of the Estate of Josue Calas.

Before EMAS, MILLER, and LOBREE, JJ.

PER CURIAM.

Petitioners, XPO Logistics, LLC, n/k/a RXO Capacity Solutions, LLC, and XPO Last Mile, Inc., n/k/a RXO Last Mile, Inc., seek a writ of prohibition to prevent the lower tribunal from conducting a trial in a state-based tort lawsuit filed by respondent, Julianna Charles, individually and in her capacity as personal representative of the Estate of Josue Cala, on the basis that the claims alleged in the complaint are preempted by the Federal Aviation Administration Authorization Act (FAAA). See 49 U.S.C. § 14501(c)(1), et seq. (2023). Because the record reflects disputed material facts relevant to the operation of federal preemption, we decline to reach the merits advanced in the petition. See Gonzalez v. J.W. Cheatham LLC, 125 So. 3d 942, 945 (Fla. 4th DCA 2013) ("Because the difference between a carrier and a broker is often blurry, the carrier/broker inquiry is inherently fact-intensive and not well-suited to summary judgment."); see also English v. McCrary, 348 So. 2d 293, 298 (Fla. 1977) (approving denial of writ of prohibition where it did not "affirmatively show lack of jurisdiction in the lower court"); Mintz Truppman, P.A. v. Cozen O'Connor, PLC, 346 So. 3d 577, 580 (Fla. 2022) (quashing writ of prohibition where issuance would potentially "end-run our rules on appeals generally and interlocutory appeals in particular" because "the

2

purpose of the writ is to prevent a court's action beyond the scope of its jurisdiction, not to correct an erroneous exercise of jurisdiction").

Petition denied.